Johnson, J.
This action was commenced under the Code and was tried in June, 1850, by consent, without a jury, before Mr. Justice Wright. The decision was not pronounced at the conclusion of the trial, but was delivered in writing at a subsequent period. It does not specify separately the conclusions of law and fact, at which the judge had arrived, but simply declares that “ the court do decide that the plaintiff do recover.” An exception was afterwards taken to the decision and judgment, and was duly sealed by the learned judge. The exception is to the decision and judgment, specifying the point not otherwise than by that exception. The plaintiff contends that this exception presents no point for review. Under the Code of 1849, which was in force when the trial took place, the judge was not bound, as he was under the Code of 1848, to state his conclusions of fact and law separately (§ 267), but was at liberty to pursue the course which has been taken in this case, and by his decision to determine all the questions of fact and law. I do not see how the exception to such a decision can take any different form from that which has been employed in *600 this case. It may be made at any time within ten days after notice of the judgment (§. 268), and it therefore does not seem to come within the reason of those rules ■ which govern exceptions taken at trials before a jury. Looking at the case in the most favorable way for the party succeeding at the trial, the judge must be taken to have determined all the questions of fact upon which there was conflicting evidence, in favor of the successful party, and the exception is to be taken to allege, as matter of law, that all such facts being so found, the decision made is contrary to law. It presents exactly the same question that would arise upon a trial before a jury, if, at the conclusion of the evidence, the excepting party had requested the judge to direct a verdict in his favor, and the request had been refused. The proposition presented, is, that as matter of law, the * cause cannot be decided against the excepting party. In this case there is no conflict of evidence, and the question upon which the case turns is a mere question of law. The plaintiff held the defendant’s note, payable at the plaintiff’s bank, November 20th, 1846, on which Samuel Scudder and another were indorsers. About the 15th November, 1846, the defendant brought to the bank a check of Samuel Scudder, the indorser, drawn upon the bank, payable to defendant’s order and indorsed by him, dated November 20th, 1846, for an amount sufficient to pay his note. The defendant proposed, then, to take up the note in exchange for Scudder’s check. This was declined, but the cashier of the bank told him he-would pin the check to the note, as they both fell due on the same day, and if Scudder’s account was good when the note fell due it would pay the note. It was also arranged that the note, if paid, was to remain at the bank till the defendant should call for it. On the twentieth of November, Scudder’s account at the bank was overdrawn some $6,000 or $7,000. Between that day and November twenty-fifth, the bank placed to the credit of Scudder in his account with the bank, $3,812.61, or thereabouts, being the *601 proceeds of certain discounts made by, and payments made to, the bank, on Scudder’s account.
On the twenty-fifth of November, Foote’s note was entered on the books of the bank by the proper officer, as paid, and Scudder’s account was charged with the check.
Just such entries were made as would properly have been made if on that day Foote had presented to the bank Scudder’s check and had received the money for it, and had then, with the money, paid his note.
Upon these facts, as to which there is no conflict of evidence, the question upon the merits in this cause arises. The supreme court, at special and general term, have considered the rights of the parties as depending upon the question whether there was an agreement between the defendant and plaintiff, that Scudder’s check should be received absolutely in payment of Foote’s note. If that is the turning point in the cause, the court below has, beyond all doubt, rightly disposed of it. To me it seems, however, that the true question is rather, whether Scudder’s check has not, as between these parties, been actually paid, and upon that question I am of opinion with the defendant. Suppose Foote had presented Scudder’s check to the bank and they had paid it, they could never in any form have recovered the money back again, there being no pretence of fraud upon, or mistake by the bank. Scudder’s request to them to pay money on his account was one which, under the circumstances, they were at liberty either to reject or accede to, but having acceded to it they were not afterwards at liberty to recall their act. It seems to me that the payment of Scudder’s check by charging him with it in account, was as complete a payment as if the money had been handed across the counter to Foote and by him had been handed back again in payment of his note. (Levy v. Bank U. S., 4 Dal., 234; 1 Binney, 27; Bolton v. Richards, 6 T. R., 13S, 143.)
On the ninth December, Foote came to the bank, and on inquiry was told that the check had not been paid, and was *602 informed that no notice of protest or non-payment had been given upon the check. He was not informed what had been done in respect to the check.
Under these circumstances, although he may, by giving the new note, have waived any right growing out of the non-protest of the check, he cannot be deemed to have waived the effect of its payment. As to that, he stands as if the new note had never been given.
I think there should be a reversal of the judgments at general and special term, and a new trial, with costs to abide the event. •